RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

JEAN E. WILLIAMS
ACTING ASSISTANT ATTORNEY GENERAL
ENVIRONMENT AND NATURAL RESOURCES DIVISION
CASSANDRA BARNUM, MASSACHUSETTS STATE BAR NO. 678750
TRIAL ATTORNEY
150 M ST. NE
WASHINGTON, DC 20002

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LOREN KIM JACOBSON, <br><br> Defendant. | Case No. <br><br> **RULE 11 PLEA AGREEMENT** |

## I. GUILTY PLEA

A.  **Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Defendant, the attorney for the Defendant, and the Government[1] agree that the Defendant will plead guilty to Counts One and Two of the Information, which charge the Defendant with willfully making a materially false statement to an officer of the United States Occupational Safety and Health Administration in violation of Title 18, United States Code, Section 1001 (Count One) and welding on cargo tank skin without the requisite R Stamp, in violation of Title 49, United States Code, Section 5124(a), and Title 18, United States Code, Section 2 (Count Two).

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this Agreement. Upon acceptance of the Defendant's guilty plea, and the Defendant's full compliance with the other terms of this Agreement, the Government agrees not to initiate (i) any further criminal charges against the Defendant related to false statements arising from the investigation in this case or (ii) any further criminal charges for violations of the Hazardous Materials Transportation Act currently known to the Government, and, under Federal Rules of Criminal Procedure 11(c)(1)(B), will recommend a sentence within the guidelines range agreed upon in Paragraph V(B)(4), below.

B.  **Oath.** The Defendant will be placed under oath at the plea hearing. The Government may use any statement that the Defendant makes under oath against the Defendant in a prosecution for perjury or false statement.

---

[1] The word "Government" in this Agreement refers to the United States Attorney for the District of Idaho and the Acting Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice.

      **C.**    <u>**Waiver of Indictment.**</u> The Defendant hereby waives the right to prosecution by indictment, pursuant to Federal Rule of Criminal Procedure 7(b), and agrees to plead guilty to the Information as detailed herein.

**II.**    **WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL**

The Defendant waives the following rights by pleading guilty pursuant to this Agreement: 1) the right to plead not guilty to the offense charged against the Defendant and to persist in that plea; 2) the right to a trial by jury, at which the Defendant would be presumed innocent and the burden would be on the Government to prove the Defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the Defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the Defendant. If the Court accepts the Defendant's guilty plea, there will be no trial.

**III.**    **NATURE OF THE CHARGES**

      **A.**    <u>**Elements of the Crimes.**</u>

          1.    The elements of the false statement offense charged in Count One are as follows:

              a.    The defendant made a false statement;

              b.    The false statement was made in a matter within the jurisdiction of the executive branch of the United States Government;

              c.    The false statement was material; and

              d.    The defendant acted knowingly and willfully.

          2.    The elements of the Hazardous Materials Transportation Act offense charged in Count Two are as follows:

    a.      The defendant violated a regulation issued under Chapter 51 of Title 49 (in this case, the R stamp regulation at 49 C.F.R. § 180.413(a)(1)); and

    b.      The defendant acted with one of the following mental states:

           1)  Willfully, meaning both with knowledge of the facts giving rise to the violation, and with knowledge that the conduct was unlawful; or

           2)  Recklessly, meaning with deliberate indifference or conscious disregard to the consequences of his conduct.

**B.**     **Factual Basis.** The Defendant admits the following facts are true:

Congress enacted the Occupational Safety and Health Act ("OSH Act"), 29 U.S.C. § 651 et seq., to ensure safe and healthful working conditions for the nation's workforce and to preserve human resources. The OSH Act is administered by the Occupational Safety and Health Administration ("OSHA"). The OSH Act and its accompanying regulations impose workplace safety requirements on employers (meaning those engaged in commerce who have employees), including regulations relating to the repair of cargo tanks. For purposes of this case, a cargo tank is a mobile cylindrical metal tank that is hauled by a truck, and used to transport gasoline or other petroleum products. Pursuant to OSH Act regulations, employers must take steps to protect their employees from the dangers of confined-space entry into cargo tanks, 29 C.F.R. § 1910.146, and ensure that cargo tanks are thoroughly cleaned prior to welding on the tanks so that flammable materials will not ignite and injure an employee. 29 C.F.R. § 1910.252(a)(3). OSHA Compliance Safety and Health Officers ("CSHOs") are tasked with conducting inspections and investigating potential violations of the OSH Act and its safety standards. 29 C.F.R. § 1903.3(a), 1903.22(d).

Congress enacted the Hazardous Materials Transportation Act ("HMTA"), 49 U.S.C. § 501 et seq., to protect people and property from the dangers inherent in transporting hazardous materials. The regulations promulgated under the HMTA explicitly define hazardous materials to

include crude oil and other petroleum products. The HMTA and the regulations enacted thereunder are administered and enforced by the U.S. Department of Transportation ("USDOT").

USDOT regulations require every repair, modification, stretching, or rebarrelling of certain cargo tanks, including MC 306 cargo tanks, to be made by a repair facility holding a valid National Board Certificate of Authorization for use of the National Board "R" Stamp ("R Stamp"), and to be made in accordance with the edition of the National Board Inspection Code in effect at the time the work is performed. 49 C.F.R. § 180.413. The purpose of this requirement is to ensure that those conducting such repairs have adequate training and expertise to do so safely.

KCCS, owned by Defendant and located in Pocatello, Idaho, is a company that repairs and inspects tanker trailers. KCCS has not possessed an R stamp since 2004. Nonetheless, KCCS had a regular practice of performing cargo tank repairs that required an R stamp. Often, in order to avoid detection of the illegal welds, KCCS employees would patch cargo tanks from the inside. Defendant did not use an OSH Act-compliant confined space entry permit program for these entries into cargo tanks.

On or about August 11, 2018, at Defendant's direction, a KCCS employee conducted one such repair to an MC 306 cargo tank, referred to herein as tank 79A. Tank 79A had been used to haul flammable petroleum. To hide work done without an R stamp, Defendant instructed his employee to weld a patch onto the side of the tank skin from inside the tank. Defendant was aware that this repair required an R Stamp and a confined space entry permit, and that KCCS had neither.

Three days later, on August 14, 2018, tank 79A returned to KCCS for additional repairs, which the same KCCS employee conducted with Defendant's knowledge and assistance. In the course of those repairs, the KCCS employee's welder flame pierced the skin of the tanker and

ignited residual flammable material therein. Both Defendant and the KCCS employee were severely burned in the resulting explosion.

After the explosion, an OSHA CSHO conducted an investigation into the circumstances surrounding the accident. As part of that investigation, the CSHO interviewed Defendant. Defendant made a materially false statement to the CSHO during that interview, namely that the aforementioned employee was merely an "observer," not an employee, and that KCCS did not have any employees, when in truth it did. This falsehood was material because OSHA requirements only apply to "employers." Defendant made this false statement both knowingly and willfully, with the intent to evade legal repercussions and penalties for his violation of OSH Act safety standards.

**IV.    SENTENCING FACTORS**

   A.    **Penalties.** The crimes of making a false statement, as charged in Count One, and violating the HMTA, as charged in Count Two, are each punishable by:

   1. a term of imprisonment of not more than 5 years;
   2. a term of supervised release of not more than 3 years;
   3. a term of probation of no less than 1 but no more than 5 years;
   4. a maximum fine of $250,000 or twice the gross gain or loss; and
   5. a special assessment of $100.

   B.    **Supervised Release.** The Court may impose a period of supervised release. No Agreement exists as to its length.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crimes to which the Defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and prosecution.

**C.     Fines and Costs.** The Court may impose a fine. The Court may also order the Defendant to pay the costs of imprisonment, probation, and supervised release.

**D.     Special Assessment.** The Defendant will pay the special assessment before sentencing and will furnish a receipt at sentencing. Payment will be made to:

> The United States District Court, Clerk's Office
> Federal Building and United States Courthouse
> 550 West Fort Street, Fourth Floor
> Boise, Idaho 83724

**E.     Restitution.** Defendant reserves the right to argue that restitution is not warranted in this case. In addition to paying any forfeiture, fine, and costs imposed, Defendant also agrees to pay any Court-ordered restitution pending the outcome of that challenge. Defendant agrees that all monetary penalties imposed by the Court, including restitution, will be due immediately and can immediately be enforced by the Government (whether through 18 U.S.C. § 3613 or otherwise). Defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor the Court can consider in relation to acceptance of responsibility under the United States Sentencing Guidelines (U.S.S.G.) § 3E1.1.

**V.     UNITED STATES SENTENCING GUIDELINES**

**A.     Application of Sentencing Guidelines.** The Court must consider the U.S.S.G. in determining an appropriate sentence under 18 U.S.C. § 3553. Defendant agrees that the Court may consider "relevant conduct" in determining a sentence pursuant to U.S.S.G. § 1B1.3.

The Court is not a party to this Agreement and the Agreement does not bind the Court's determination of the U.S.S.G. range. The Court will identify the factors that will determine the sentencing range under the U.S.S.G. The Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that this Agreement does not bind the Court, the parties agree to the recommendations and requests set forth below.

**B.      Sentencing Guidelines Recommendations and Requests.**

1.      **Government's Statements at Sentencing.** The Government reserves the right to allocute fully at sentencing regarding any sentencing recommendation. The Government may rely on or submit any information, including relevant conduct, in support of its recommendation regardless of whether the Agreement or the pre-sentence investigation report contain this information. Any exception must be specified in this Agreement.

2.      **Acceptance of Responsibility.** If the Defendant clearly accepts responsibility for the offense, the Defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under U.S.S.G. § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the Defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the Defendant has timely notified authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, the Defendant fails to meet U.S.S.G. § 3E1.1's criteria, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or decline to make the motion.

3.      **Downward Departure or Variance Request by Defendant.** If the Defendant wishes to seek a departure or variance, the Defendant must provide written notice to the Government, along with the reasons and basis therefore, 21 days before the date set for sentencing.

4.  **Sentencing Recommendation by the Government.** Provided that Defendant pleads guilty and accepts responsibility as described herein, the Government agrees that the following sentencing calculation under the U.S.S.G. applies:

   a. The base offense level is 8, per U.S.S.G. § 2Q1.2;

   b. A 2-level increase is appropriate, per U.S.S.G. § 2Q1.2(b)(7), for violating 49 U.S.C. § 5124;

   c. A 2-level increase is appropriate, per U.S.S.G. § 3C1.1, for obstructive conduct; and

   d. A 2-level decrease is appropriate, per U.S.S.G. § 3E1.1(a), for acceptance of responsibility.

   e. The total adjusted offense level is 10, criminal history category I,[2] yielding an advisory guideline range of 6-12 months. The Government agrees to recommend a sentence within this advisory guideline range. The Government further agrees to recommend that the sentences for each count of conviction should run concurrently.

## VI. WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

A.  **Waiver.** In exchange for this Agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution. This waiver includes any challenge to the constitutionality of any statute of conviction including arguments that the admitted conduct does not fall within any statute of conviction.

---

[2] This is assumed based on both parties' understanding of the Defendant's criminal history; the final criminal history category will be determined by the assigned probation officer.

The Defendant acknowledges that this waiver will result in the dismissal of any direct appeal or collateral attack the Defendant might file seeking to challenge the plea, conviction or sentence in this case. Further, the filing of such an appeal or collateral attack will breach this Agreement and allow the Government to withdraw from it, as well as to take other remedial action.

If the Defendant believes the Government has not fulfilled its obligations under this Agreement, the Defendant will object at the time of sentencing; further objections are waived.

B. **Exceptions.**

1. **Direct Appeal:** Notwithstanding subparagraph A, the Defendant may file one direct appeal if one of the following unusual circumstances occurs:

   a. the sentence imposed by the Court exceeds the statutory maximum;

   b. the Court arrives at an advisory U.S.S.G. range by applying an upward departure under Chapter 5K of the U.S.S.G.; or

   c. the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory U.S.S.G. range as determined by the Court.

The Defendant understands that the above circumstances occur rarely and that in most cases this Agreement completely forecloses appeals.

2. **Motion Under 28 U.S.C. § 2255:** Notwithstanding subparagraph A, the Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.

VII. **PROVIDING INFORMATION FOR THE PRESENTENCE REPORT**

The Defendant agrees to provide financial information and any other information requested by a representative of the United States probation office for use in preparing a pre-

sentence investigation report, and agrees that the United States probation office may share all financial information with the Government. Failure to execute releases or to provide information for the pre-sentence investigation report violates this Agreement and relieves the Government of its obligations from it. Such failure by the Defendant and response by the Government will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests. Providing materially false information will subject the Defendant to additional penalties, including an enhancement under U.S.S.G. § 3C1.1.

### VIII. DISCLOSING FINANCIAL INFORMATION

The Defendant agrees to disclose all the Defendant's assets and sources of income to the Government, including all assets over which the Defendant exercises or exercised direct or indirect control, or in which the Defendant has had any financial interest. This includes all community property. The Defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the Government. The Defendant agrees truthfully to complete a personal financial statement within 14 days from the date the Defendant signs this Agreement or from the date the financial statement is provided to the Defendant or counsel, whichever is later. The Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within 7 days of the event giving rise to the changed circumstances. The failure timely and accurately to complete, sign, and update the financial statements may constitute failure to accept responsibility under U.S.S.G. § 3E1.1.

The Defendant authorizes the Government: (a) to obtain a credit report on the Defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain all financial records related to the Defendant.

Before sentencing, Defendant agrees not to dissipate any assets without the consent of both the Government's financial litigation unit and asset forfeiture unit. If any assets are sold, any sale proceeds will be deposited with the Clerk of Court and, upon sentencing, paid toward any monetary penalties ordered in the judgment.

## IX.   NO RIGHT TO WITHDRAW PLEA

The Defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The Defendant cannot withdraw from this Agreement or the guilty plea, regardless of the Court's actions.

## X.   CONSEQUENCES OF VIOLATING AGREEMENT

**A.   Government's Options.** If the Defendant fails to keep any promise in this Agreement or commits a new crime, the Government is relieved of any obligation: 1) to make a sentencing recommendation consistent with the terms promised in this Agreement; and 2) not to prosecute the Defendant on other charges, including charges not pursued due to this Agreement. Such charges may be brought without prior notice. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from this Agreement in its entirety. In addition, if the Government determines after sentence is imposed that the Defendant's breach of the Agreement warrants further prosecution, the Government may choose between letting the conviction under this Agreement stand or vacating such conviction so that charge may be re-prosecuted.

The Government's election to pursue any of the above options provides no basis for the Defendant to withdraw the guilty plea made pursuant to this Agreement.

**B.   Defendant's Waiver of Rights.** If the Defendant fails to keep any promise made in this Agreement, the Defendant gives up the right not to be placed twice in jeopardy for the

offense to which the Defendant entered a plea of guilty or which were dismissed under this Agreement. In addition, for any charge that is brought as a result of the Defendant's failure to keep this Agreement, the Defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

XI.   **MISCELLANEOUS**

A.   **No Other Terms.** This Agreement is the complete understanding between the parties, and no other promises have been made by the Government to the Defendant or to the attorney for the Defendant. This Agreement does not prevent any government agency from pursuing civil or administrative actions against the Defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this Agreement does not bind or obligate government entities other than those specified as the Government in this Agreement (i.e., the United States Attorney's Office for the District of Idaho and the Environmental Crimes Section of the Department of Justice).

B.   **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the Defendant's notification of acceptance of this Agreement no later than May 12, 2021.

XII.   **UNITED STATES' APPROVAL**

We have reviewed this matter and the Agreement. This Agreement constitutes a formal plea offer from the Government. Any oral discussions with the Defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this Agreement is no longer a valid offer by the Government and is rescinded. We agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
By:

_____     \_\_\_\_5/13/21_____
JOSHUA D. HURWIT                                             Date
Assistant United States Attorney


JEAN E. WILLIAMS
ACTING ASSISTANT ATTORNEY GENERAL
By:

_____ For _____     \_\_\_\_5/13/21_____
CASSANDRA BARNUM                                             Date
Trial Attorney


## XIII. ACCEPTANCE BY DEFENDANT AND COUNSEL

I have carefully reviewed every part of this Agreement with my attorney. I understand the Agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this Agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this Agreement is no longer valid and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this

case, including entering a guilty plea. I am satisfied with my attorney's advice and representation in this case.

_____     _____5/12/21_____
LOREN KIM JACOBSON             Date
Defendant

I have read this Agreement and have discussed the contents of the Agreement with my client. This document accurately sets forth the entirety of the Agreement. I have conveyed all written offers from the Government to the Defendant pursuant to *Missouri v. Frye*, 566 U.S. 134, 145-47 (2012). I understand that this Agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this Agreement is no longer valid and is rescinded. I concur in my client's decision to plead guilty as set forth above.

_____     _____5-12-2021_____
MATTHEW L. KINGHORN             Date
Attorney for the Defendant